UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KENNETH WHITE, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:16-CV-1303 CAS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent, ) | |

**MEMORANDUM AND ORDER**

The Court ordered movant to show cause why this action should not be dismissed as untimely. Movant has responded that he should be granted equitable tolling. The Court has reviewed the response and has determined that equitable tolling is not warranted.

Movant brings this § 2255 action under the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the "residual clause" of the Armed Career Criminal Act was void for vagueness. The Court decided *Johnson* on June 26, 2015. The deadline for filing *Johnson* cases expired on Monday, June 27, 2016. Movant filed his motion to vacate on August 2, 2016, which is the day he placed it in the prison mail system. On the same day, movant filed a motion for leave to file out of time.

Movant argues that he is entitled to equitable tolling because he was placed in administrative detention from June 23, 2016, through July 28, 2016, a total of thirty-five days. He says he did not have access to his legal paperwork during that period.

Under the doctrine of equitable tolling, the AEDPA's statutory limitations period may be tolled if a petitioner can show that (1) he has been diligently pursuing his rights, and (2) an extraordinary circumstance stood in his way. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is a flexible procedure that involves both recognition of the role of precedent

and an "awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." *Id.* at 649-50.

Movant has not shown either that he diligently pursued his rights or that an extraordinary circumstance prevented him from filing his motion in a timely manner. He was not placed in administrative detention until four days before the deadline for filing a *Johnson* motion. Movant could have filed his motion at any time after June 26, 2015, but he apparently chose to wait until the last minute. Movant does not allege that anything prevented him from filing this case before June 23, 2016. Moreover, movant does not claim that he was not allowed to send legal mail to the courts during his time in administrative detention, and therefore makes no showing that his placement in administrative detention made it impossible for him to file a timely motion. As a result, he is not entitled to equitable tolling, and this action will be dismissed. *See* 28 U.S.C. § 2255 Rule 4; *Day v. McDonough*, 547 U.S. 198, 210 (2006).

Finally, petitioner has failed to demonstrate that jurists of reason would find it debatable whether the petition is untimely. Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c). Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that movant's motion for leave to file out of time is **DENIED**. [Doc. 2]

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

An Order of Dismissal will be filed separately.

CHARLES A. SHAW  
UNITED STATES DISTRICT JUDGE

Dated this  16th  day of September, 2016.