UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KENNETH WHITE, | ) |
| Movant, | ) |
| v. | ) No. 4:16-CV-1303 CAS |
| UNITED STATES OF AMERICA, | ) |
| Respondent, | ) |

**MEMORANDUM AND ORDER**

Before the Court is movant's motion for reconsideration of the dismissal of this 28 U.S.C. § 2255 action as time barred. After reviewing movant's motion and his attached exhibits, the Court will deny movant's motion for reconsideration.

**Background**

Movant filed this 28 U.S.C. § 2255 action pursuant to the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the "residual clause" of the Armed Career Criminal Act was void for vagueness. The Court decided *Johnson* on June 26, 2015. The deadline for filing *Johnson* cases expired on Monday, June 27, 2016. Movant filed his motion to vacate on August 2, 2016, which is the day he placed it in the prison mail system.

On August 22, 2016, the Court ordered movant to show cause why his § 2255 motion to vacate should not be dismissed as time barred. On September 12, 2016, movant responded that he was entitled to equitable tolling, because he had been in administrative detention from June 23, 2016, through July 28, 2016, a total of thirty-five days. He stated that he did not have access to all of his legal paperwork during that time period.

## Discussion

In his motion for reconsideration, movant asserts that he should have been given the benefit of equitable tolling because he was placed in segregated housing (known as the Special Housing Unit, or SHU) at USP Atwater, in June of 2016. He states that in while in SHU, his "files were withheld," and he claims that if his files were withheld it shouldn't matter whether he had access to legal mail or not in order to submit a petition to the Court during the relevant time period.

Movant also argues that in the Bureau of Prisons, inmates are limited to only twelve inches of legal material, as well as personal papers, and he asserts that this rule "totally inhibits the access to filing a complex § 2255 motion."

Finally, movant refers to a letter he received on June 10, 2016, from the United States Federal Public Defender's Office in the Eastern District of Missouri assessing any claims he could have under *Johnson v. United States*, 135 S. Ct. 2551 (2015). Movant states in his motion for reconsideration that after he received the letter, he began to draft his pro se motion. He claims it took him "some time" to get the motion done.

Unfortunately, none of movant's arguments are substantive grounds for this Court to reconsider the dismissal for timeliness in this matter. Moreover, none of the grounds asserted by movant allow for equitable tolling of his petition.

As noted in the Court's prior Memorandum and Order, under the doctrine of equitable tolling, the AEDPA's statutory limitations period may be tolled if a petitioner can show that (1) he has been diligently pursuing his rights, and (2) an extraordinary circumstance stood in his way. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is a flexible procedure that involves both recognition of the role of precedent and an "awareness of the fact that specific

circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." *Id.* at 649-50.

Movant has not shown either that he diligently pursued his rights or that an extraordinary circumstance prevented him from filing his motion in a timely manner. He was not placed in administrative detention until four days before the deadline for filing a *Johnson* motion. Movant could have filed his motion at any time after June 26, 2015, but he apparently chose to wait until the last minute. Although this issue was addressed in the Court's prior Memorandum and Order, movant has completely failed to address his lack of prior diligence in his motion for reconsideration.

Instead of addressing his lack of diligence, movant centers his equitable tolling argument on the letter he received from the Federal Public Defender about his *Johnson* claim on or about June 10, 2016. However, movant has misquoted the Public Defender's letter. In the letter, the Public Defender tells movant that it "does not appear that you are eligible for relief under *Johnson* because your convictions . . . still qualify as predicate offenses under the ACCA. For this reason, [the Public Defender] will not be filing a 2255 petition on your behalf." Movant's Ex. 1 at 1. The letter goes on to state that if movant disagrees with the Public Defender's opinion, he may file a *Johnson* claim on his own behalf, but such a claim "must be filed by June 24, 2016."

Thus, movant was made aware at that time that if he wanted to file a pro se *Johnson* claim in federal court, he had to do so by June 24, 2016.[1] In addition, at the time movant received the letter, he was not in SHU at Atwater. Therefore, at that time, movant had access to

---

[1] The Federal Public Defender wrote that the deadline for filing a *Johnson* claim was June 24, 2016. However, because the statute of limitations expired on Sunday, June 26, 2016, the true deadline for filing a *Johnson* claim in federal court was the Monday after that date, June 27, 2016.

all of his legal materials, and he could have written to the Court regarding his claims, even if he needed to amend his motion to vacate at a later date.

Movant does not allege that anything prevented him from filing this case before June 23, 2016. Moreover, movant does not claim that he was not allowed to send legal mail to the courts during his time in administrative detention. As a result, movant has failed to make a showing that his placement in administrative detention made it impossible to file a timely motion.

Rather than addressing the fact that he was able to send and receive legal mail, movant focuses on the fact that a BOP regulation limited the amount of legal material (and all paper materials) he was able to have in his cell at any one time. (Movant is not clear whether this regulation applies only within SHU or outside of SHU as well.) The existence of such a BOP regulation, in and of itself, cannot provide the basis for equitable tolling in this instance. Movant could have sent a letter to this Court outlining his bases for relief in his motion to vacate, with or without access to all of his legal materials.

For these reasons, the Court finds that movant is not entitled to equitable tolling in this action, and he is therefore not entitled to reconsideration of the dismissal of this action.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion for reconsideration of the dismissal of this action is **DENIED**. [Doc. 8]

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 1st day of November, 2016.